**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

---

**TONIA OLIVER** :
**294 Rafferty Road** :
**Montrose, PA 18801** :
:
    Plaintiff :
  v. :
:   (Judge Mariani)
:
**SCRANTON MATERIALS INC.,** :   Civil Action No.:
**/aka/ /dba/ "THE H & K GROUP** :   3:14-CV-00549
**819 Newton Road** :
**Scranton, PA 18504** :   Jury Trial Demanded
:
    Defendant :

## FIRST AMENDED COMPLAINT – CIVIL ACTION

Plaintiff, Tonia Oliver, residing at 294 Rafferty Road, Montrose PA, brings this First Amended Civil Action Complaint against the defendant for employment discrimination on the basis of sex in violation of Title VII of the Civil Rights Act as amended ("Title VII"), pregnancy discrimination in violation of Title VII, and discrimination in violation of the Americans with Disabilities Act as amended, 42 U.S.C. § 12101 et. seq., (ADAAA) and says that:

### THE PARTIES

1. Plaintiff, Tonia Oliver, (hereinafter, plaintiff) is an adult, female resident of Montrose Pennsylvania.

2. At all relevant times, plaintiff was, and continues to be, an individual entitled to the protections of Title VII and the ADAAA in that her gender is female, she was pregnant, and her pregnancy was a multiples birth with medical complications resulting in a disability within the meaning of ADAAA.

3. Defendant, Scranton Materials Inc. (hereinafter, "defendant"), at all relevant times was a corporation or other business entity with a location in Scranton, Pennsylvania.

4. At all relevant times, defendant had at least 15 employees, and was continually doing business in Scranton, PA.

5. At all relevant times, defendant has been, and continues to be, an employer engaged in an industry affecting commerce within the meaning of Title VII and the ADAAA.

## PROCEDURAL BACKGROUND

6. Plaintiff has satisfied any and all procedural and/or administrative requirements set forth in Title VII and the ADAAA In particular; she filed a timely charge of discrimination with both the Equal Employment Opportunity Commission (EEOC).

7. The EEOC issued a "notice of right to sue" letter dated December 19, 2013 which was then mailed to plaintiff by United States Mail from the EEOC Field Office in Ohio and was received on or about December 24, 2013.

8. As the events complained of occurred within Scranton Pennsylvania.  Thus, jurisdiction and venue are proper in this Court.

## FACTUAL BACKGROUND

9. Plaintiff was employed by defendant in an executive capacity in which she handled stone accounts and, beginning in 2010 became a project manager for a project known as the Scranton University or "U Project".

10. At all relevant times, plaintiff was qualified for her position, and performed her job duties in the manner required by defendant.

11. In the late spring or early summer of 2011, plaintiff made defendant, particularly her supervisor Mr. Scarantino, aware that she was pregnant.

12. Mr. Scarantino was not happy about the pregnancy and upon learning of it, he subjected plaintiff to a hostile and retaliatory work environment.

13. Specifically, Mr. Scarantino had a change of attitude toward plaintiff and began cutting her out of important meetings and completely excluding her from activities relating to the "U Project" she was responsible for.

14. Scarantino also made gender and pregnancy based comments toward plaintiff such as "he didn't see how it would be possible" for her to work with young children, and on at least on occasion he remarked "f---ing babies". Additionally, he became angry when she requested reduced working hours and to modify her schedule due to pregnancy complications.

15. Plaintiff repeatedly assured Scarantino of her intent to return to work following the birth of her triplets.

16. On or about July 25, 2011, plaintiff notified defendant that due to complications from her pregnancy and undue stress created by Scarantino at work, she would need to go on short-term disability.

17. During her period of pregnancy related disability leave, plaintiff continued to assure defendant of her intent to return to work sometime in December of 2011.

18. On or around December 6, 2011, plaintiff e-mailed defendant that due to the complications of her pregnancy and associated surgery she would need to remain off work for an additional 4 weeks, but that she would be cleared to work, and intended to return to work with no restrictions as of January 2, 2012.

19. On or about December 8, 2011, plaintiff's supervisor, John Scarantino informed her by phone that her employment was being terminated effective January 2, 2012 and she would not be permitted to return to work.

20. At or around the same time, defendant laid off at least two male employees.

21. Those male employees were later permitted to return to work, while plaintiff was not permitted to return.

## COUNT I
## TITLE VII 42 U.S.C. § 2000e et seq.

22. Plaintiff incorporates by reference paragraphs 1 through 21 as though each were set forth in their entirety.

5

23. Defendant engaged in unlawful employment practices on the basis of sex in violation of 42 U.S.C. § 2000e-2 and 42 U.S.C. § 2000e et seq., by subjecting plaintiff to a hostile work environment on the basis of sex and pregnancy.

24. Defendant's conduct, as averred above, has deprived plaintiff of employment opportunities and adversely affected her status as an employee because of her sex and pregnancy in violation of Title VII.

25. The Defendant's unlawful employment practices complained of above were willful in that they were committed with reckless disregard toward plaintiff's federally protected rights, as set out in Title VII.

26. As a result of defendant's conduct, plaintiff suffered and continued to suffer economic damages, including, but not limited to, lost wages and benefits, lost opportunities for advancement within the company, emotional pain and suffering, inconvenience, loss of enjoyment of work and humiliation.

## COUNT II
## RETALIATION – TITLE VII 42 U.S.C. § 2000e-3 et seq. and ADAAA 42 U.S.C. § 12203

27. Plaintiff incorporates by reference paragraphs 1 through 26 as though each of those were set forth in their entirety.

28. Plaintiff engaged in protected activity under Title VII when she complained to Marci Kirkpatrick in defendant's human resources department, that due to Scarantino's change in attitude and sexually hostile behavior toward her once he learned of her pregnancy, she was afraid to take pregnancy leave.

29. Due to her desire to continue working with defendant for as long as possible before the birth of her children, and to return to work afterwards, plaintiff was afraid to complain to others outside of human resources.

30. Other than to assure plaintiff of her right to take leave if she needed it, human resources did not respond to her complaint.

31. Following this complaint, defendant retaliated against plaintiff by, among other things, cutting her out of meetings on the "U Project", complaining of her need for pregnancy

7

related leave, and asking her to accept a salary reduction due to her pregnancy and need for leave.

32. Plaintiff engaged in protected activity under the ADAAA, when on or about December 6, 2011, she contacted defendant and requested a reasonable accommodation. Specifically, she requested a short period of additional leave due to complications related to her pregnancy with and birth of her triplets.

33. On or about December 8, 2011, within just two days of this request for reasonable accommodation, defendant notified plaintiff that her employment would be terminated effective January 2, 2012, and she would not be permitted to return to work.

34. The effect of defendant's aforementioned unlawful employment practices has been to deprive plaintiff of employment opportunities and adversely affect her status as an employee because of her pregnancy, sex and disability.

35. As a result of defendant's unlawful retaliation, plaintiff suffered the damages alleged in paragraph 26 above.

## **COUNT III- DISABILITY DISCRIMINATION**
## **ADAAA- 42 U.S.C. § 12101 et seq.**

36. Plaintiff incorporates by reference paragraphs 1-35 as though each were set forth in their entirety.

37. At all relevant times, plaintiff was an individual with a disability in that she had an actual disability, a record of disability, and/or defendant regarded her as having a disability under the ADAAA.

38. At all relevant times, plaintiff suffered from an impairment which substantially limited one or more major life activities including but not limited to, breathing, performing manual tasks, walking, standing, sitting, and working. Additionally, plaintiff's impairment substantially limited major bodily functions of her respiratory, digestive and circulatory systems.

39. Specifically, due to her pregnancy with triplets, plaintiff experienced complications and symptoms, including but not limited to, lumbar lordosis – sometimes described as "sway-backed posture" which impaired the musculoskeletal system, sitting, standing and walking; pregnancy induced carpal

9

tunnel syndrome which impaired her neuromuscular and neurological system, as well as substantially limited her ability to perform manual tasks such as grasping or holding a glass of water; dependent edema in her feet and legs which substantially limited her ability to stand and walk, and also placed strain on her cardiovascular system; dyspnea – also called shortness of breath, substantially limiting her ability to breath and requiring breaks for rest; extreme fatigue; GERD or acid reflux which impaired her ability to eat and her digestive system; hypertension preeclampsia, which substantially limited her circulatory system, and; intrauterine growth restriction which is a complication common in multiples pregnancies, in which the fetus is growing appropriately within the uterus.

40. As a result of these substantial limitations, plaintiff needed and requested reasonable accommodations including a modified work schedule with a reduction in hours, and eventually a period of leave so that she could be on bed rest before the birth of her triplets.

41. In making her requests for accommodation, plaintiff made defendant aware of the complicated nature of her pregnancy and its disabling impact on her.

42. Due to the "high risk" and complicated nature of the multiples pregnancy, plaintiff had to undergo a surgical delivery of the triplets.

43. As a result, plaintiff was forced to request a reasonable accommodation in the form of approximately four weeks of additional leave time.

44. At all relevant times, plaintiff had the requisite skill, experience, education and other job-related requirements of the position she held with defendant, and could perform her job with or without reasonable accommodations.

45. Thus, at all relevant times she was a "qualified individual with a disability" under 42 U.S.C. § 12111(8).

46. Despite her qualifications and desire to return to work, defendant discriminated against plaintiff by failing to provide the requested accommodation of additional leave, and ultimately, terminating her employment in violation of the ADAAA.

47. As a result of defendant's violation of the ADAAA, plaintiff has suffered the damages alleged herein.

WHEREFORE, plaintiff requests judgment against defendant, and the following relief:

   a. reinstatement of plaintiff to her previous employment position with all of the benefits and seniority of that position, as though her employment had never been unlawfully terminated;

   b. compensation for lost wages and benefits;

   c. compensatory and punitive damages as available by law;

   d. an award of reasonable attorneys fees and costs associated with this action, and;

   e. any other relief this Court may deem just and equitable.

## **JURY DEMAND**

Plaintiff demands a Jury Trial on all issues so triable.

                                                      Respectfully submitted,

                                                     /s/ Jamie Ray-Leonetti
                                                   JAMIE RAY-LEONETTI

                                                   1315 Walnut Street
                                                 Suite 500
                                                 Philadelphia, PA  19107
                                                 (215) 238-8070 x 219

## **CERTIFICATE OF SERVICE**

I, Jamie Ray-Leonetti, Esquire, hereby certify that I served a copy of the foregoing first amended complaint on counsel for defendant as follows:

Marshall Dennehey Warner Coleman & Goggin
Lee C. Durivage, Esquire
2000 Market Street, Suite 2300
Philadelphia, PA 19103
(via ECF electronic case filing system)


                                                /s/ Jamie Ray-Leonetti

DATED:  3/18/15